Chancellor Rutledge
delivered the following decree of the court:
Mary Sleigh by will gave to her two grand daughters J^-nn and Lucretia Sharpless five negroes, and their issue, and if either of the grand daughters died before 18, or day of marriage, or without lawful issue, the survivor should inherit her deceased sister’s part; but if both should die, leaving no issue, then that her daughter M. Liddle’s children or heirs lawfully begotten of her body,‘should inherit the said negro slaves, and their issue. Ann, one of the legatees, died under 18, unmarried, and without issue. — > Lucretia, surviving, married David Youngblood. Previous to their marriage, and whilst she was a minor, David Youngblood executed a deed, by which he covenanted with James and Peter Youngblood, that the negroes to which his intended wife was entitled, should be settled and secured to himself for life, and after his death, in case he should die before her, leaving issue, one half to be for the use of his wife absolutely, and the other half for-the issue ; and if the wife should die in his life time, then the deed to be void. Lucretia was entitled to other negroes than those bequeathed by her grand mother, which she derived from other persons, and were included in the deed.
David Youngblood made his will on' the 29th May, 1790, and died 7th July, 1791, without leaving issue : his wife survived him. After disposing of some small legacies, he gave the remainder of his estate, real and personal, to his wife, and any child she might have or.be pregnant with at his death : his personal estate to be equally divided, share and share alike, and the real estate to remain ia possession of his wife during her life, and then gó to his *297 children or heirs. In case of no issue, his wife to enjoy his whole estate during life, and at her death, if she died without issue, the estate to be divided between his'brothers P. and J. Youngblood’s children, and his sister’s children by P. Hyme. But if his wife should marry and die, leaving issue, then she might dispose of one half of his estate to such issue; the other half to be divided, &c. There was no issue of the marriage. J. Youngblood, the brother of David, made his will on the 11th April, 1791, and died immediately afterwards. He gave his estate to his daughter Anna Maria, but if she should die under 18, or have no issue, then he gave the estate to be equally divided between his brothers Peter and David, and his sister Sarah Anna, and their heirs. J. Youngblood’s daughter Anna Maria, died the latter end of July, 1791, about three weeks after David Youngblood. Lucretia, the widow of David Youngblood, married Munro, complainants testator, in March, 1795, and she died in August, 1799.— Jane Liddle, the only child of Mrs. Liddle, died a minor soon after Lucretia married Daniel Munro. Complainant claims exclusively, the negroes given to Lucretia under Mrs. Sleigh’s will, which are included in the settlement; she having only a life estate in them under the will; but on the death of Jane Liddle, a minor, (long subsequent to David Youngblood’s death) she became absolutely entitled to them as her legal representative : And he also claims one half of the other negroes named therein, with their issue, by virtue of the clause which gave to Lucretia one half, if she survived her intended husband D. Young-blood : Also, one half of David Youngblood’s share of the personal estate of Isaac Youngblood, which was bequeathed to him in the event of Isaac Youngblood’s daughter dying before she became entitled to it, which she did. That share was contended to be a vested interest in David Youngblood, and not disposed of by his will, which was made antecedent to his brothers, and was therefore distributable under the act for the abolition of the right of primogeniture, &c.
*298 For defendant, it was contended that the negroes did not vest in Lucretia on the death .of Jane Liddle, but it was a lapsed legacy, and became distributable among David Youngblood’s representatives. That the legal estate was in him on his marriage, and he only covenanted to make a settlement according to that deed, which was never done. That even if the deed was valid, David Young-blood, having by will made a disposition of his estate much more in her favor, and she having possessed herself thereof, she had made her election to take under the will, rather than the settlement, and was bound by it.
The question respecting David Youngblood’s share of Isaac Youngblood’s personal estate was given up, and it was acknowledged to be distributable. The question for the determination of the court is to- whom the negroes belong, that were bequeathed by Mrs. Sleigh to her granddaughter Lucretia, for life, &c. and on the contingency of her dying without issue, were limited over to Jane Lid-dle ? This is a very plain case. Lucretia Sharpless, af-terwards the wife of D. Youngblood, being only entitled to a life estate in the negroes under her grandmother’s will, no settlement or deed for that purpose made by her husband previous or subsequent to the márxage, could alter the nature of her estate or give him a better title to them than she bad ; consequently the disposition made of them by the deed was altogether nugatory and void. Jane Lid-dle to whom the negroes would have belonged (in the event of Lucretia’s dying without issue) having survived D. Youngblood, the husband of Lucretia, many years (and indeed until after she had married Munro) and then dying a minor -without issue, the property in the negroes vested absolutely in Lucretia, she being the only legal representative of J. Liddle, That of the remaining negroes named in the deed, which were the property of Lucretia, independent of her grandmother’s will, she was entitled to one half of them absolutely under the deed, which though not such an one as the court would have directed, ■ fét as it appears upon the whole to have been a fair trans *299 action, the court will not alter. The testator, D. blood, having takenno notice in his will of the deed execut.ed before marriage, and his bequest to her not being in any respect conditional, but he having given the whole of his estate to his wife during life, if there was no issue of the marriage, the court are of opinion she was under no necessity to make any election, but was entitled to take the profits of his estate during life. With regard to this doctrine of election, the . court are by no means inclined to deprive a woman of her legal rights under the idea of her having made her election, merely by a bare acquiescence j but it should be made to appear that she is perfectly con-nusant of all her rights, and has done positive clear acts indicative of her having made her election. The share of Isaac Youngblood’s personal estate to which D. Young-blood was entitled,' must be distributed according to the act for abolishing the rights of primogeniture, &c. which would give to his widow one half. Complainant must therefore account for the hire of one half of the negroes named in the deed, to which Lucretia was not absolutely entitled from the time of her death ; and the defendant must likewise account for the hire' of one half of the dis-,* tributadle share (to which Lucretia was entitled) of Isaac Youngblood’s share of the other personal estate.
DesaussuRE and Fold for complainant.
Frangle for defendant.